### 18196. DOUSE *v.* GRIFFIN.

STEPHENS, J. 1. A ruling upon the sufficiency of pleadings can not be excepted to in a motion for a new-trial. Therefore the ground of the defendant's motion for a new trial wherein the sustaining of a demurrer to his plea of res judicata is excepted to presents no assignment of error that this court can consider.

2. Where a tenant of farm lands, who is under contract to pay an annual rental in money, breaches the contract during the term by abandoning the crop which he has planted on the lands and moves away, the landlord, after re-entering upon the premises and cultivating the crop to maturity, can not, without the tenant's consent, cultivate the crop for and in behalf of the tenant and charge against the tenant the expenses incident to the landlord's working the crop and bringing it to maturity after its abandonment by the tenant.

3. In this suit by a landlord against the tenant to recover for advances made by the landlord to the tenant, including the expenses incurred by the landlord in bringing the crop to maturity after crediting the tenant with the value of the matured crop, which was less than the alleged expenses of the landlord, it not appearing, from the evidence, that the tenant consented to such arrangement, the evidence is insufficient to authorize a recovery for the landlord for the alleged items of expense incurred in cultivating the crop to maturity; and the court erred in instructing the jury that the plaintiff could recover for such expenses. The judgment overruling the defendant's motion for a new trial will be reversed. The landlord, however, is entitled to recover from the tenant for advances made to the tenant prior to the tenant's breach of the contract and abandonment of the crop, which, as appears from the evidence, was after June 2, 1925.

4. Since the evidence authorized a finding for the latter items in the sum sued for, viz. $649.13, the judgment overruling the defendant's motion for a new trial will be affirmed, should the plaintiff, before the judgment of this court is made the judgment of the trial court, write from the verdict the excess over this amount; otherwise the judgment will be reversed.

5. Since the other assignments of error of which this court has jurisdiction relate solely to the conduct of the trial as respects the plaintiff's right to recover for expenses incurred by him in cultivating the crop after it was abandoned by the defendant, it is, under the above rulings, unnecessary to pass upon them.

---

Appeal and Error, 3 C. J. p. 1391, n. 11; 4 C. J. p. 650, n. 37; p. 1138, n. 63.
Landlord and Tenant, 35 C. J. p. 1194, n. 54 New.
New Trial, 29 Cyc. p. 761, n. 5.

6. It is directed that the costs be taxed against the defendant in error.

*Judgment affirmed, on condition. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1928.

Complaint; from city court of Richmond county—Judge Black. April 29, 1927.

*B. B. McCowen,* for plaintiff in error.

*Hammond & Kennedy,* contra.